IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Timothy Kendrick,<br><br>    PLAINTIFF,<br><br>    V.<br><br>City of Chicago; Officer Vincenzo Lupo, #10401; and Officer James Hunt, #11442,<br><br>    DEFENDANTS. | Case No:<br><br>Judge: |

## COMPLAINT AT LAW

NOW COMES Plaintiff, Timothy Kendrick, by and through his undersigned attorneys, and pursuant to this Complaint at Law, states the following against the Defendants City of Chicago, Officer Vincenzo Lupo and Officer James Hunt on personal knowledge as to Plaintiff Timothy Kendrick and his actions and on information and belief as to Defendants and their actions:

### INTRODUCTION

1.    This action is brought pursuant to 42 U.S.C. § 1983 and Illinois law to address deprivations of Plaintiff's rights under the Constitution of the United States.

### JURISDICTION

2.    The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983; the Judicial Code, 28 U.S.C. §1331 and §1343(a); the

Constitution of the United States; and this Court's supplementary jurisdiction powers, 28 U.S.C. § 1367.

## VENUE

3. Venue is appropriate under 28 U.S.C. § 1391(b), as all defendants reside in this judicial district. In addition, a substantial parts of the events giving rise to the claim occurred in this judicial district.

## PARTIES

4. Plaintiff Timothy Kendrick (hereinafter "Plaintiff" or "Kendrick") is a United States Citizen who resides in the Northern District of Illinois.

5. Defendant City of Chicago is an Illinois municipal corporation located within this judicial district and which maintains its own law enforcement department.

6. Defendants Officer Vincenzo Lupo (Star #10401) and Officer James Hunt (Star #11442) (collectively, "Defendant Officers"), were at all times relevant to this Complaint duly-appointed and sworn law enforcement officers for the Defendant City of Chicago.

7. When Defendant Officers engaged in the conduct alleged in this Complaint, they were acting in the course and scope of their employment, while on duty, and as agents of Defendant City of Chicago.

8. At all times material to this Complaint, Defendant Officers were acting under color of state law, ordinance and/or regulation, statutes, custom and usages of the Defendant City of Chicago.

9. This action is brought against Defendant Officers in their individual capacities.

10. Pursuant to 745 ILCS 10/2-302, Defendant City of Chicago is a duly constituted local public entity and is liable for any judgments entered against Defendant Officers arising in the course of their employment.

## FACTS

11. On or about October 12, 2018, at approximately 8:25 p.m., Kendrick was in a vehicle with his friend, Jeffrey Gareal, when they pulled to the side of the road at or near the intersection of 80th Street and May Street, Chicago, Illinois.

12. Kendrick exited the vehicle to make a phone call.

13. Defendant Officers pulled up to Plaintiff's vehicle, which was already stopped.

14. Defendant Officers aggressively approached Plaintiff, who was outside of the vehicle.

15. Upon seeing Defendant Officers, Kendrick hung up the phone.

16. Defendant Officers screamed at Kendrick, without merit or justification, and erroneously accused Kendrick of urinating in a public place.

17. Using the erroneous pretext of public urination and with no reasonable suspicion, Defendant Officers aggressively yanked Kendrick's arms behind his back and continued to verbally berate him.

18. Defendant Officer Hunt performed an unreasonably aggressive pat-down of Kendrick and in doing so, assaulted Kendrick.

19. After this initial search, Defendant Officers demanded Kendrick place his hands on their police vehicle.

20. Defendant Officers interrogated Kendrick of whether he was in possession of narcotics or whether he was a felon.

21. Defendant Officers then searched Kendrick, despite Kendrick verbally refusing to permit the search and despite not having reasonable suspicion or probable cause to conduct a search.

22. At no point during Defendant Officers' aggressive detention or search of Kendrick did the Defendant Officers advise Kendrick why he was being searched.

23. At no point during Defendant Officers' aggressive detention or search of Kendrick did the Defendant Officers advise Kendrick why he was being detained.

24. At no point did Defendant Officers issue a citation to Kendrick for public urination or any other offense.

25. Plaintiff suffered, *inter alia*, lasting emotional and mental anguish, despair, and depression due to the Defendant Officers' reckless actions.

26. Plaintiff and the other adult in his vehicle, Jeffrey Gareal, were not arrested, were not charged with any crime or cited, and were released.

27. Defendant Officers were on duty at all times relevant to this Complaint, and engaged in the complained of conduct in the course and scope of their employment.

28. Plaintiff, as a direct and proximate result of Defendant Officers' reckless actions, is now forced to go through continuing and potentially permanent

psychological therapy.

29. Specifically, Defendant Officers, without provocation or reason, violently yanked Plaintiff's arms behind his back, physically detained him, improperly searched and groped him, and verbally abused him. This conduct violated the Fourth Amendment to the United States Constitution.

30. On, October 12, 2018, Plaintiff did not:

    a. obstruct any of the Defendant Officers;

    b. strike any of the Defendant Officers;

    c. batter any of the Defendant Officers;

    d. violate a law in the presence of any of the Defendant Officers;

    e. violate a law at any time; or

    f. use force directed at or against any of the Defendant Officers.

31. The show of force initiated by and/or the failure to intervene in the use of said force by Defendant Officers was unreasonable.

32. On October 12, 2018, Plaintiff did not commit an act contrary to the laws of the State of Illinois, nor was he at any time the focus or subject of a criminal investigation.

33. On October 12, 2018, Defendant Officers did not have probable cause to believe that criminal activity took place relative to Plaintiff.

34. As a direct and proximate result of the acts or omissions of one or more Defendant Officers alleged above, Plaintiff suffered damages including, but not

limited to pain and suffering, humiliation, mental anguish, emotional distress, and financial loss.

35. This action is being brought with regard to the individual capacity of Defendant Officers.

**COUNT I**
**Excessive Force against Defendant Officers**
**(42 U.S.C. § 1983 and the Fourth Amendment)**

36. Plaintiff re-alleges paragraphs 1-35 as though fully set forth herein.

37. Defendant Officers violently yanked Plaintiff's arms behind his back without provocation or justification.

38. Defendant Officers pulled Plaintiff from behind repeatedly.

39. The actions of Defendant Officers directly and proximately caused Plaintiff to suffer, without limitation, pain and suffering, humiliation, emotional distress, mental anguish, and financial loss.

40. The actions of Defendant Officers were the direct and proximate cause of the injuries that Plaintiff sustained as a result of Defendant Officers' violations of Plaintiff's constitutional rights, alleged above.

WHEREFORE, Plaintiff respectfully requests that this Court enter Judgment in his favor and against Defendant Officers and award compensatory damages, costs and attorney's fees. Plaintiff also demands punitive damages, costs and attorney's fees against Defendant Officers as well as any other relief that this Court deems just and equitable.

## COUNT II
## Unreasonable Search & Seizure against Defendant Officers
## (42 U.S.C. § 1983 and the Fourth Amendment)

41. Plaintiff re-alleges paragraphs 1-35 as though fully set forth herein.

42. On or about October 12, 2018, Defendant Officers stopped and detained Plaintiff without a reasonable suspicion to investigate possible criminal activity and without reasonable suspicion that Plaintiff had committed, was committing or was going to commit any criminal act.

43. The conduct of Defendant Officers, alleged above, constituted an unreasonable seizure in violation of the Fourth Amendment to the United States Constitution.

44. The actions of Defendant Officers directly and proximately caused Plaintiff to suffer, without limitation, pain and suffering, humiliation, emotional distress, mental anguish, and financial loss.

45. The actions of Defendant Officers were the direct and proximate cause of the injuries that Plaintiff sustained as a result of Defendant Officers' violations of Plaintiff's constitutional rights, alleged above.

WHEREFORE, Plaintiff respectfully requests that this Court enter Judgment in his favor and against Defendant Officers and award compensatory damages, costs and attorney's fees. Plaintiff also demands punitive damages, costs and attorney's fees against Defendant Officers as well as any other relief that this Court deems just and equitable.

## COUNT III
### Intentional Infliction of Emotional Distress against Defendant Officers
### (State Law Claim)

46. Plaintiff re-alleges paragraphs 1-35 as though fully set forth herein.

47. The actions of Defendant Officers on or about October 12, 2018, alleged above, were extreme and outrageous. By and with these actions, Defendant Officers intended to cause or recklessly disregarded the probability that they would cause severe emotional distress to Plaintiff.

48. This is supported by the Defendant Officers conducting an aggressive, investigatory stop over the pretext of erroneously alleging Plaintiff was publicly urinating, for which he was not cited. Instead, the interaction initiated and unreasonably continued by Defendant Officers was for the sole purpose of harassing and embarrassing Plaintiff.

49. These actions, alleged above, directly and proximately caused severe emotional distress to Plaintiff including, but not limited to, depression, fear and anxiety.

WHEREFORE, Plaintiff respectfully requests that this Court enter Judgment in his favor and against Defendant Officers and award compensatory damages and costs. Plaintiff also demands punitive damages as well as any other relief that this Court deems just and equitable.

## COUNT IV
### Indemnification against the City of Chicago
### (State Law Claim - 745 ILCS 10/9-102)

50. Plaintiff re-alleges paragraphs 1-49 as though fully set forth herein.

51. Defendant Officers committed the acts alleged above under color of law, while on duty, and in the scope of their employment by Defendant City of Chicago.

52. As such, Defendant City of Chicago is liable to Plaintiff for any award of compensatory damages and costs that arise from the actions of Defendant Officers.

WHEREFORE, should Defendant Officers be found liable for any of the claims alleged in this Complaint, Plaintiff demands that, pursuant to 745 ILCS 10/9-102, Defendant Chicago pay to Plaintiff any judgment obtained against Defendant Officers as a result of this action.

## JURY DEMAND

Plaintiff demands trial by jury.

                Respectfully submitted,

                /s/Jonathan Levy
                *One of Plaintiff's Attorneys*

Daniel Massoglia
Brittany Shaw
First Defense Legal Aid
5100 W. Harrison Street
Chicago, IL 60644
Tel: (336) 575 6968
Email: daniel@first-defense.org
Email: Brittany@first-defense.org
Attorneys for Plaintiff

Christopher S. Hennessy (6237293)
Jonathan M. Levy (6313350)
COZEN O'CONNOR
123 North Wacker Drive, Suite 1800
Chicago, IL 60606
Tel: (312) 382-3100
Fax: (312) 382-8910
Email: chennessy@cozen.com
Email: jlevy@cozen.com
Attorneys for Plaintiff